UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Respondent,                   CRIMINAL ACTION NO. 05-CR-80228-DT

vs.

                                       DISTRICT JUDGE LAWRENCE P. ZATKOFF

ANTONIO CHAMBERS,             MAGISTRATE JUDGE MONA K. MAJZOUB

       Movant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that the Movant's Motion for Clarification and Amendment of Judgment and Commitment Order (docket no. 37) and the Movant's Motion to Vacate Sentence (docket no. 38) be **DENIED**.

**II.**    **REPORT:**

       These matters come before the Court on two motions. The first is Movant's Motion for Clarification and Amendment of Judgment and Commitment Order filed on March 9, 2009. (Docket no. 37). The second is Movant's Motion to Vacate Sentence filed on June 3, 2009. (Docket no. 38). The government responded to the motions on October 14, 2009. (Docket no. 44). Movant filed a Reply brief on November 17, 2009 which the Court will consider timely. (Docket no. 45). These matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 42). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(e) and E.D. Mich. LCrR 12.1. These matters are now ready for ruling.

    **A.  Facts and Procedural History**

Movant is presently incarcerated at the Federal Correctional Institution in Milan, Michigan. On February 9, 2006, Movant pleaded guilty to the crime of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). An applicable guideline range of 87 to 108 months was calculated, and on February 9, 2006 Movant was sentenced to a term of 108 months in prison. (Docket no. 26).

After the Movant was sentenced, the United States Sentencing Commission amended the sentencing guidelines to provide a two level reduction in the base offense level for crack cocaine offenses. Movant filed a motion to modify his sentence on April 30, 2008 in accordance with the new guidelines. (Docket no. 31). Under the new guidelines, Movant's amended guideline range was 70 to 87 months. (Docket no. 36). On November 17, 2008, the Court granted the Movant's motion to modify his sentence and ordered that Movant's sentence be reduced from 108 months to 90 months. (Docket no. 36). The order states that the Movant's previous term of imprisonment was at the top of the previous guideline range and the Court "did not find, based on Defendant's history and danger to the public, that Defendant's sentence should be reduced below 90 months." (Docket no. 36).

Movant filed the instant Motion for Clarification and Amendment of Judgment and Commitment Order on March 9, 2009. (Docket no. 37). He states in his motion that he was detained prior to sentencing and asks the Court to amend his judgment to award jail credit for time he spent in custody from February 7, 2005 up through the time of sentencing. (Docket no. 37). On June 3, 2009 Movant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Docket no. 38). In this motion, Movant challenges the legality of his resentencing, arguing that the Court erred in imposing a sentence above the amended guideline range. (Docket no. 38).

The government responded to the motions, asserting that the Movant's Motion for Clarification and Amendment of Judgment is procedurally barred and the Court lacks jurisdiction to award credit for time served. The government further argues that the Movant's Motion to Vacate Sentence is time barred. The Movant filed a Reply Brief on November 17, 2009 in which he concedes that his Motion to Vacate Sentence is time barred and the Court lacks jurisdiction to consider his Motion for Clarification and Amendment of Judgment. (Docket no. 45). Instead, Movant asks the Court to reconsider his sentence reduction under 18 U.S.C. § 3582(c)(2). (Docket no. 45).

**B. Analysis**

**1. Motion to Vacate Sentence**

28 U.S.C. § 2255 provides that a federal prisoner must file a motion to vacate sentence within one year of the latest of:

> 1) the date on which the judgment of conviction becomes final;
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege a governmental impediment to filing, a claim newly recognized by the Supreme Court, or newly discovered facts, therefore subparagraph 1 applies to his claim arising out of his conviction and sentence.

An unappealed judgment of conviction becomes final for purposes of § 2255 ten days after it is entered. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). The judgment

of conviction in the instant case was entered on February 9, 2006. (Docket no. 26). The Movant did not file an appeal of his conviction and sentence. The Movant has not asserted any basis for equitable tolling of the statute of limitations in this case. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). In addition, an order amending a judgment pursuant to § 3582 does not restart the time for filing a motion under § 2255. 18 U.S.C. § 3582(b); *see also Reichert v. United States*, 101 Fed. Appx. 13, 14 (6th Cir. April 27, 2004); *United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001). Accordingly, the Movant's Motion to Vacate Sentence is barred by the statute of limitations.

### 2. Motion for Clarification and Amendment of Judgment and Commitment Order

Movant filed the instant Motion for Clarification and Amendment of Judgment and Commitment Order pursuant to Federal Rule of Criminal Procedure 36. Rule 36 permits the court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Cr.P. 36. Rule 36 is not designed to correct omissions by the court itself at sentencing, but instead permits the court to correct errors and omissions in the recording of the court's sentencing determinations in the judgment. *United States v. Carr*, 421 F.3d 425, 432-33 (6th Cir. 2005). In the instant motion, Movant has not cited any clerical errors in the transcription of the judgment or in the Court's order executing the judgment.

The Attorney General, through the Bureau of Prisons, has exclusive authority to compute and apply credit for time served. *United States v. Wilson*, 503 U.S. 329 (1992). Any request for jail credit must therefore be directed to the Bureau of Prisons. Movant's Motion for Clarification and Amendment of Judgment and Commitment Order should be denied.

### 3. Motion for Reconsideration

In his Reply Brief Movant asks the Court to reconsider its order reducing his sentence pursuant to 18 U.S.C. § 3582. (Docket no. 45). E.D. Mich. LR 7.1(g) provides that a motion for reconsideration must be filed within ten days after entry of the judgment or order. The rule further provides that a motion for reconsideration should only be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of that defect. E.D. Mich. LR 7.1(g)(3); E.D. Mich. LCrR 12.1.

The order reducing Movant's sentence pursuant to § 3582 was entered on November 17, 2008. Accordingly, Movant's motion for reconsideration was not timely filed and should be denied on that basis. Furthermore, Movant has failed to identify a "palpable defect" in the Court's November 17, 2008 order. *See United States v. Terrell*, 2009 WL 2762745, at *4-5 (6th Cir. Sept. 2, 2009) (affirming district court order partially reducing sentence for crack cocaine offense where reduced sentence exceeded the amended effective guideline range). The Movant's motion should be denied.

## III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 12, 2010            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Antonio Chambers and Counsel of Record on this date.


Dated: January 12, 200             s/ Lisa C. Bartlett
                                   Courtroom Deputy